IN RE GUARDIANSHIP OF ESTATE OF LAURA H. POLLOCK, INCOMPETENT.

JOHN B. BARKER, APPELLANT.[1]

December 24, 1937.

No. 31,455.

John B. Barker, pro se.
Harold W. Cox, for respondent.

PER CURIAM.

John B. Barker appeals from a district court judgment dismissing his appeal from an order of the probate court removing him as a coguardian of the estate of his mother, Laura H. Pollock, an incompetent.

L. 1935, c. 72, § 169 (3 Mason Minn. St. 1936 Supp. § 8992-169), provides that after an appeal from the probate court to the district court there shall be filed with the clerk of the latter court a "clear and concise statement of the proposition, both of law and of fact," upon which appellant relies for a reversal. Barker filed and served what purported to be a compliance with that requirement. Upon respondent's motion to dismiss the appeal, the trial court (Judge Rue) ruled that the purported propositions of law and fact did not so comply, and was also of the opinion that certain testimony given by Barker was insufficient to justify findings responsive thereto. The court then gave appellant 20 days in which to make a proper application for leave to serve and file amended and substituted propositions of law and fact, and ordered that if he failed to make such application the motion to dismiss the appeal should be granted. The matter next came on before the court at special term (Judge Bardwell), at which time it appeared that appellant had failed to make such an application, although he did file and serve, without permission, what purported to be, "First Amended and Substituted Propositions of Law and Fact." The court thereupon granted respondent's motion to dismiss the appeal, and the judgment from which this appeal is taken was entered.

The original propositions of law and fact fell far short of complying with the statutory requirement. It contained charges against appellant's attorney and the probate court, a charge that his coguardian was incom-

[1]Reported in 277 N. W. 11.

petent, and other immaterial allegations. No attempt was made to secure permission to file and serve the so-called, "First Amended and Substituted Propositions of Law and Fact." They were but a slight improvement over the first effort and also failed to comply with the statutory requisites. There were no irregularities in the proceedings below resulting in substantial prejudice to the appellant, and the appeal was rightly dismissed.

Affirmed.